UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VANESSA L. WILDER,

        Plaintiff,

v.

Case No. 15-CV-690-PP

MILWAUKEE PUBLIC SCHOOL SYSTEM,
MILWAUKEE PUBLIC SCHOOL SYSTEM HUMAN RESOURCES DEPT., and
MILWAUKEE PUBLIC SCHOOL SYSTEM EOC DEPT.,

        Defendants.

**ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT BY AUGUST 14, 2015, OR FACE DISMISSAL**

On June 8, 2015, plaintiff Vanessa L. Wilder—representing herself—filed a complaint against the Milwaukee Public School System, as well as its Human Resources Department and its EOC department. Dkt. No. 1. The complaint alleges that the plaintiff was being bullied and harassed by the principal of her school, and that when she filed a complaint against him, the school system took no action, and she ended up being subjected to further bullying and harassment by other school personnel. The complaint lists various things that happened to the plaintiff as a result of the bullying, and the retaliation she alleges that she suffered as a result of complaining about the bullying and harassment. The plaintiff does not say what federal statute she believes the defendants violated, but the facts she alleges appear to indicate that she is claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, which prohibits employment discrimination based on certain factors.

1

The plaintiff doesn't state what relief she is seeking from the court. She did not attach any documents to the complaint.

The Seventh Circuit Court of Appeals, whose decisions bind this court, has held that in order to file an employment discrimination action in federal court, the plaintiff must have obtained a "right to sue letter" from the EEOC. Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 128-29 (7th Cir. 1989) ("Although the charge-filing requirement is not jurisdictional, filing an EEOC charge and receiving a right-to-sue letter still is a prerequisite to suit unless the claimant's failure to receive a right-to-sue letter is attributable to EEOC error."). While "courts do not demand hypertechnical compliance with the filing requirements of Title VII . . . in recognition that lay persons often file EEOC charges without consulting lawyers," no "blanket exception to the filing requirements of Title VII . . . exist[s] for pro se litigants who file EEOC charges." Secrist v. Burns Intern. Sec. Services, 926 F. Supp. 823, 825-26 (E.D. Wis. 1996).

The court understands, as do other courts, that "[c]omplainants often file EEOC charges without assistance of counsel and are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act." Garner v. Knoll Bros. Quick Marts, Inc., 962 F.Supp. 1115, 1118 (N.D. Ind. 1997), citing Eggleston v. Chicago Journeymen Plumbers' Local Union, 657 F.2d 890 (7th Cir.1981), cert. denied, 455 U.S. 1017. But the Seventh Circuit has made clear that a plaintiff can't sue in federal court until she has received the Notice

of Right to Sue from the EEOC, and provided that notice along with her complaint.

In this case, it does not appear that the plaintiff has even filed a complaint with the EEOC (the federal Equal Employment Opportunity Commission), much less provided the court with a copy of a Notice of Right to Sue.

The court will give the plaintiff an opportunity to amend her complaint, so that if she did go to the federal EEOC, and if the EEOC did give her a Notice of Right to Sue letter, she can attached the Notice of Right to Sue to her amended complaint. The court also needs the plaintiff to explain, in her complaint, what she believes the basis of the bullying and harassment was—was it because of her gender? Her race or ethnic origin? Her age? Her religious beliefs? Finally, the court needs the plaintiff to explain what kind of relief she is seeking—is she seeking money from the defendants? Does she want her job back? The court will give the plaintiff a specific amount of time in which to amend her complaint to state this information, and to provide a copy of a Notice of Right to Sue from the EEOC. If, within that specific amount of time, the plaintiff does not file an amended complaint that (a) clearly explains the basis for the harassment and the relief the plaintiff is seeking, and (b) has attached a Notice of Right to Sue issued by the EEOC, the court will dismiss his case without prejudice. See Hill v. Continental Air Transport Co., Inc., ___ F.Supp. ___, 1991 WL 86148 (N.D. Ill. May 20, 1991).

The court **ORDERS** that the plaintiff must file an amended complaint, complying with the conditions described above, by the end of the day on **August 14, 2015**. If the plaintiff does not file the amended complaint, along with the Notice of Right to Sue, by that date, the court will dismiss her complaint without prejudice.

Dated in Milwaukee this 16th day of June, 2015.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court**